**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Raymond T. Murphy

    v.                                      Civil No. 07-cv-145-PB

John E. Potter, Postmaster General,
United States Postal Service

**O R D E R**

    Pro se plaintiff Raymond T. Murphy, a former employee of the United States Postal Service ("USPS"), brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA").  He seeks enforcement of a predetermination settlement agreement mediated by the Equal Employment Opportunity Commission ("EEOC") regarding his underlying discrimination claims.  Named as the defendant is John E. Potter, Postmaster General of the USPS.  The complaint is before me for preliminary review to determine whether this court's subject matter jurisdiction has been invoked.  See United State District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(A).

This action allegedly involves the breach of a settlement agreement executed between the plaintiff and the USPS during the EEOC administrative process.  Most courts addressing this issue have found Title VII jurisdiction over claims to enforce predetermination settlement agreements, reasoning that federal jurisdiction is necessary to further Congress' goal of conciliation and voluntary compliance with Title VII.  See Ruedlinger v. Jarrett, 106 F.3d 212, 214-15 (7th Cir. 1997) (holding that plaintiffs may bring an action under Title VII to enforce a predetermination settlement agreement); Taylor v. Runyon, No. Civ.A. 90-2410-KHV, 2004 WL 303206, at *2  (D. Kan. Feb. 4 2004)(unpublished)(holding that most courts have found Title VII jurisdiction over claims to enforce predetermination settlement agreements); Owens v. West, 182 F. Supp. 2d 180, 187-90 (D. Mass. 2001) (holding that an action to enforce pre-determination settlement agreement constitutes an action under Title VII).  See also Kraft v. Johanns, No. 1:04-cv-084, 2007 WL 2212890, at * 11 (D.N.D. 2007) ("Based on the jurisdiction-conferring provisions of Title VII and the ADEA, it stands to reason that federal district courts have the authority to enforce 'pre-decision' settlement agreements involving federal agencies,

at least to the same extent as the EEOC . . . ."). Accordingly, without commenting on the merits of the allegations, I conclude that plaintiff has invoked this court's subject matter jurisdiction under 28 U.S.C. § 1331 (providing for federal question jurisdiction).

The record reveals that plaintiff has not properly effected service within the 120 day period required by Fed. R. Civ. P. 4. Accordingly, plaintiff is directed to effect service within 30 days of the date of this order.  See Fed. R. Civ. p. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").  See also Fed. R. Civ. P. 4(c)(1) and 4(i)(1) and (2).  Plaintiff's failure to comply with this order may result in the dismissal of this action without prejudice.

Defendant is instructed to answer or otherwise plead within sixty (60) days from service.  See Fed. R. Civ. P. 12(a)(3)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendant by delivering or mailing the materials to him or

his attorney, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: September 13, 2007

cc:   Raymond T. Murphy, pro se